# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FAITH DONCHEVA,** *et al.,* : | |
|     **Plaintiffs,** : | |
| : | |
| **v.** : | **CIVIL ACTION NO. 19-CV-1039** |
| : | |
| **CITIZENS BANK OF PENNSYLVANIA,** : | |
| *et al.,* : | |
|     **Defendants.** : | |

## MEMORANDUM

**SLOMSKY, J.**                                                                                                     **MAY 29th, 2019**

On March 12, 2019, Plaintiff Faith Docheva filed an unsigned *pro se* Complaint raising claims related to the foreclosure on and sale of property in New Jersey on behalf of herself, the estate of her husband Metodi Donchev (of which she is the executrix), and the other heirs of the estate, her children, Anton and Rocitsa. (*See* ECF No. 2). Doncheva also filed an unsigned "Motion for Permanent Injunction" on behalf of all of the Plaintiffs, (ECF No. 3), and a Motion to Proceed *In Forma Pauperis* on her own behalf. (ECF No. 1.)

In a March 14, 2019 Order, the Court explained to Doncheva that a non-attorney proceeding *pro se*, such as herself, was not permitted to bring claims on behalf of others in federal court, including the estate if she was not the sole beneficiary. (ECF No. 5.) The Court also explained that any individual seeking to proceed as a party to this action was required to sign the pleading and motions in accordance with Federal Rule of Civil Procedure 11. The Order gave the Plaintiffs thirty days to sign the Complaint and Motion, to secure counsel to represent the estate, and to resolve matters related to either paying the fees or proceeding *in forma pauperis*.

Doncheva signed the Complaint and Motion and returned them to the Court. She also filed a Memorandum in support of her Motion for a Permanent Injunction and a Memorandum

1

responding to the Court's March 14, 2019 Order. (ECF Nos. 7 & 8.) In her Memoranda, Doncheva represents that she is both the executrix and sole beneficiary of the estate, as well as the sole owner of the property underlying her claims in this case, which she claims never passed through the estate because she owned it jointly with her husband before he passed. (ECF No. 8 at 2.) However, she also states that her children, Anton and Rocitsa, are "listed as heirs in the Will that [she is] sole executrix of and in accordance with the will they are not beneficiaries of the Estate, and are not executors." (ECF No. 8 at 4.) She also alleges that Anton and Rocitsa "have no objection with [her] pursuing as necessary any actions to Protect the Estate and all heirs." (ECF No. 7. at 3.)

Given Doncheva's representation that she jointly owned the property with her husband and became the sole owner after he passed, it is not clear what legal interest, the estate, Anton, and Rocitsa hold in the property and, by extension, whether they have a cognizable legal interest in this case. But if they possess such a legal interest, Doncheva still may not represent those entities, including the estate if her children are beneficiaries or heirs of the estate (which they appear to be), for the reasons stated in the Court's March 14, 2019 Order. The estate, Anton, and Rocitsa will therefore be dismissed without prejudice as parties to this case. As to Doncheva, the Court will grant her leave to proceed *in forma pauperis* and dismiss her Complaint with prejudice.[1]

---

[1] Although the Complaint has not yet been filed or served, the Defendants, who had notice of the case, filed a Motion to Dismiss. (ECF No. 9.) Doncheva filed a response asking the Court to issue an injunction and to disregard the Motion to Dismiss because it was never sent to her or the other Plaintiffs. (ECF No. 10.) Defense counsel responded with a Declaration explaining that he inadvertently neglected to serve Doncheva and attesting that he belatedly mailed a copy of the Motion to her. (ECF No. 11.) Doncheva filed a response asking the Court to disregard the Defendants' Motion as well as a Motion for an Injunction in which she asks the Court to enjoin any efforts to foreclose on her home for essentially the same reasons discussed in her initial filings. (ECF No. 15)

2

## I. FACTS AND PROCEDURAL HISTORY

### A. The Instant Case

Doncheva filed this civil action against "Citizens Bank of [Pennsylvania], their agents or assigns including National Default Services Inc. and Undren Law Firm." In the body of her Complaint, she identifies Citizens Bank Pennsylvania, National Default Services Inc., and Undren Law Offices as Defendants, with the notation that Undren Law Offices is permanently closed.[2] She also provided a list of "ENTITIES TO BE NOTIFIED," most of whom appear to be individuals employed by the Consumer Financial Protection Bureau.

Doncheva's claims relate to property in New Jersey, which her recent filings clarify that she owned jointly with her husband prior to his death and exclusively owned following his death and prior to the foreclosure. Doncheva and her husband obtained home equity loans from Citizens Bank in 2003 and 2005. Her husband passed away in 2006. In 2010, Doncheva alleges that she became disabled and contacted Citizens Bank to consolidate her loans, at which point the loans were discharged.

Nevertheless, in 2012, Undren Law Offices filed a foreclosure action against Doncheva on behalf of Citizens. Doncheva contacted Citizens Bank and the case was dismissed. However, in 2014, Undren filed a foreclosure action against "Metodi & heirs." (Compl. at 9.) Doncheva contacted Citizens Bank and the Sheriff, but Undren completed the foreclosure to Citizens Bank in April of 2016. Doncheva claims that in 2017, Undren repossessed the property and removed items from her home.

---

[2] There appears to be a typographical error in the caption; Undren law firm appears to refer to Udren law firm.

3

Doncheva alleges that the foreclosure on her home was illegal because the 2010 discharge "render[ed] the debt unenforceable in a receivership, foreclosure probate or any similar proceeding in State [or] Fed Court." (*Id.* at 8.) The Court understands Doncheva to be alleging that her property has been taken without due process, that the Defendants' actions violated various consumer protection regulations, and that the Defendants have breached contracts "governed by Federal and Pennsylvania Law." (*Id.* at 7.) Doncheva asks this Court to enjoin Citizens Bank and its agents from claiming ownership of her property, to require them to return the property to her, and "to release any judgment they obtained & to void any foreclosure actions as well as the unlawful 2016 foreclosure sale deed to [Citizens]" including any judgments against her husband and children. (*Id.* at 9.) She also seeks restitution.

As noted above, Doncheva filed a Motion for a Permanent Injunction with her Complaint. The Motion argues that Doncheva and her co-plaintiffs are entitled to an injunction essentially returning the home to them on the basis that the foreclosure and sale of the property was unlawful, and declaring the judgment of foreclosure invalid.

### B. Prior State Court Litigation

A search of public dockets reveals underlying foreclosure litigation in the New Jersey courts, which was brought by Citizens Bank against Metodi Donchev, his heirs, Anton Donchev, Rocitsa Metodieva, and Faith Doncheva, individually and as personal representative of Dochev's estate. *See Citizens Bank of Pennsylvania v. Donchev*, No. A-2371-17T1, 2018 WL 6369502, at *1 (N.J. Super. Ct. App. Div. Dec. 6, 2018). A recent opinion describes the relevant procedural history as follows:

> [Faith Doncheva] and M. Donchev defaulted on both notes in December 2009. On October 22, 2013, Citizens Bank instituted the current foreclosure action in the Superior Court of New Jersey, Chancery Division, Gloucester County. After [Doncheva] failed to answer the complaint, Citizens Bank filed a request and

4

> certification of default. On April 10, 2014, [Doncheva] sent a letter responding to the complaint, however, the letter was not filed because [Doncheva] did not enclose the filing fee. In [Doncheva]'s letter, she denied having received the complaint and denied "owing any sums to any party." On November 24, 2014, the Honorable Paul Innes, P.J.Ch., issued a final judgment against [Doncheva].
>
> On April 14, 2016, notices of a sheriff's sale of the property scheduled for April 27, 2016 were issued and sent to [Doncheva]. After Citizens Bank purchased the property at the sale, the sheriff's deed was delivered on May 9, 2016. On July 20, 2016, Judge Innes issued a writ of possession to Citizens Bank.

*Id.* at *1 (footnote omitted). In 2017, Doncheva unsuccessfully moved in state court to enforce a settlement offer she had received from Citizens Bank, to vacate the final judgment in the foreclosure action, and to set aside the sheriff's sale. *Id.* at *2. Her appeal of the denial of those motions was likewise unsuccessful. *Id.* at *1.

### C. Prior Federal Litigation

A search of public dockets also reflects that prior to filing the instant civil action, Doncheva, through counsel, filed a federal lawsuit against Citizens Bank, Nations Default Services Inc., Udren Law Offices P.C., and ABC Corps. I-X, in the District of New Jersey. *See Doncheva v. Citizens Bank*, Civ. A. No. 18-3294 (D.N.J.). The Complaint asserted claims under the Fair Debt Collection Practices Act (FDCPA), the Real Estate Settlement Procedures Act (RESPA), and New Jersey laws, arising from the Defendants' foreclosure on and related sale of Docheva's property, their dealings with her related to her mortgage on the property, and their settlement offer that was erroneously sent after the sale of the property. In a December 7, 2018 Memorandum, the Honroable Jerome B. Simandle dismissed the complaint with prejudice in its entirety as barred by New Jersey's entire controversy doctrine, which "requires litigants to assert all affirmative claims relating to the controversy between them in one action, and to join all parties with a material interest in the controversy, or be forever barred from bringing a

5

subsequent action involving the same underlying facts." *Doncheva v. Citizens Bank*, No. CV 18-3294 (JBS/JS), 2018 WL 6436263, at *3 (D.N.J. Dec. 7, 2018).

## II. STANDARD OF REVIEW

The Court will grant Doncheva leave to proceed *in forma pauperis* because it appears that she is not capable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies, which requires the Court to dismiss the Complaint if it is frivolous, malicious, fails to state a claim, or seeks relief from an immune defendant. "A court that considers whether an action is malicious must, in accordance with the definition of the term 'malicious,' engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or harass the defendant." *Deutsch v. United States*, 67 F.3d 1080, 1086 (3d Cir. 1995). In that regard, "a district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims." *Brodzki v. CBS Sports*, Civ. A. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* The Court may also consider matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Ray v. Kertes*,

6

285 F.3d 287, 297 (3d Cir. 2002); *see also McPherson v. United States*, 392 F. App'x 938, 943 (3d Cir. 2010). Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As Doncheva is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. ANALYSIS

Doncheva's claims fail for the following reasons.

First, pursuant to the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments." *Great W. Mining & Mineral Co. v Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). Based on that principle, the *Rooker-Feldman* doctrine deprives a federal district court of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 166 (quotations omitted). Here, at least to some extent, Doncheva is asking this Court to vacate the foreclosure judgment and sheriff's sale ordered by the state court because those judgments were illegal and caused her harm. Under the *Rooker-Feldman* doctrine, the Court lacks jurisdiction to adjudicate that aspect of Docheva's Complaint.

Second, Doncheva's claims are duplicative to the extent she is repeating claims raised in her New Jersey lawsuit; to the extent her claims are new, they are precluded because she could have raised them in that lawsuit. *Res judicata*, or claim preclusion, bars claims that were brought or could have been brought in a previous action. *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008). Three elements are required for *res judicata* to apply: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on

the same cause of action." *Marmon Coal Co. v. Dir., Office Workers' Compensation Programs*, 726 F.3d 387, 394 (3d Cir. 2013) (internal quotation marks omitted). "In determining whether *res judicata* applies, courts do not proceed mechanically, but focus on the central purpose of the doctrine, to require a plaintiff to present all claims arising out of the same occurrence in a single suit." *Egli v. Strimel*, 251 F. Supp. 3d 827, 835 (E.D. Pa. 2017) (internal quotations omitted). "*Res judicata* does not require the precluded claim to actually have been litigated; its concern, rather, is that the party against whom the doctrine is asserted had a full and fair opportunity to litigate the claim." *Shah v. United States*, 540 F. App'x 91, 93 (3d Cir. 2013) (per curiam).

Here, Doncheva had a full and fair opportunity to litigate her claims against the Defendants. Her case was dismissed in its entirety with prejudice. She therefore may not bring this lawsuit against the same individuals asserting claims based on the same series of events. *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 277 (3d Cir. 2014) ("We further have explained that we take a broad view of what constitutes the same cause of action and that res judicata generally is thought to turn on the *essential similarity* of the underlying events giving rise to the various legal claims." (internal quotations and alterations omitted)). Accordingly, the Court will dismiss Doncheva's Complaint in its entirety. As Doncheva may not proceed on her Complaint, the Motion for Permanent Injunction is also denied.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss without prejudice all Plaintiffs except for Doncheva, grant Doncheva leave to proceed *in forma pauperis*, dismiss the Complaint, and deny the Motion for Permanent Injunction. Doncheva will not be given leave to file an amended complaint because she cannot cure the defects in her claims. As the Court has dismissed this

8

case with prejudice *sua sponte* on screening prior to service, the Court will deny the Defendant's Motion to Dismiss and Doncheva's outstanding Motions for Injunctions. *See Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) ("A party seeking a preliminary injunction must show: (1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief."). An appropriate Order follows.

**BY THE COURT:**

*Joel Slomsky*
JOEL H. SLOMSKY, J.